IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Amanda F.,[1] | ) | Civil Action No.: 2:22-cv-1003-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Kilolo Kijakazi, Acting Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This action is brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Amanda F.'s ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI").  The record includes the report and recommendation ("Report") of United States Magistrate Judge Mary Gordon Baker, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits.  Plaintiff filed written objections to the Report, and the Commissioner filed a reply to Plaintiff's objections.  *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy).  For the reasons stated below, the Court overrules Plaintiff's objections, adopts the Magistrate Judge's Report, and affirms the Commissioner's final decision denying benefits.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts should refer to claimants by their first names and last initials.

## BACKGROUND

Plaintiff initially filed applications for DIB and SSI on June 19, 2019, alleging a disability onset date of April 22, 2019. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held via video online on October 28, 2021. On November 16, 2021, the ALJ issued a decision finding that Plaintiff was not under a disability as defined by the Social Security Act, as amended. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on March 29, 2022.

## STANDARDS OF REVIEW

### I.    The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

2

recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.    Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act.  Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).  "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).  In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency.  *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

## I.    The Commissioner's Final Decision

The Commissioner is charged with determining the existence of a disability.  The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment.  20 C.F.R. § 404.1520(b).  If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment.  20 C.F.R. § 404.1520(c)  If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations.  20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I.  If so, the claimant is disabled.  If not, the next inquiry considers if the impairment prevents the claimant from returning to past work.  20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step.  *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993).  The burden of production and proof remains with the claimant through the fourth step.  Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience.  *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since April 22, 2019, the alleged onset date.  Next, the ALJ determined that Plaintiff has the following severe impairments: multiple sclerosis and obesity.  The ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1.  With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found

that Plaintiff can perform sedentary work as defined in 20 C.F.R. 404.1567(a) and

416.967(a), except that she: can never climb; can occasionally balance, stoop, kneel,

crouch, and crawl; can frequently reach overhead, handle, and finger; can tolerate frequent

exposure to extreme heat and humidity; and cannot be exposed to workplace hazards.  The

ALJ found that Plaintiff is unable to perform any past relevant work, but that considering

Plaintiff's age, education, work experience, and RFC, jobs exist in significant numbers in

the national economy that Plaintiff can perform.  Accordingly, the ALJ found that Plaintiff

has not been under a disability from April 22, 2019, through the date of the ALJ's decision.

## II.    The Court's Review

In her initial brief in this action, Plaintiff includes the following issue:

Issue 1        Residual Functional Capacity.  The RFC assessment must be
               a reasoned assessment of all of the relevant evidence.  The
               ALJ failed to include significant limitations resulting from [F.'s]
               chronic fatigue and failed [to] provide an adequate discussion
               rejecting those limitations.  Can a decision based upon an
               incomplete and inaccurate assessment of a claimant's RFC be
               supported by substantial evidence?

(ECF No. 8 at 2.)

The Magistrate Judge thoroughly considered Plaintiff's argument by outlining the

ALJ's analysis and summarizing the specific evidence relied upon by the ALJ in

determining Plaintiff' RFC.  As explained by the Magistrate Judge, the ALJ noted that

Plaintiff herself had admitted that certain conditions were not severe, including her chronic

fatigue, and the ALJ set forth the relevant medical evidence pertaining to Plaintiff's fatigue.

(ECF No. 15 at 6-10.)  The Magistrate Judge noted that the ALJ found mild limitations in

Plaintiff's concentration, persistence, and pace, and that the ALJ cited medical records from

5

Dr. Brevetta, Dr. Jain, and Dr. Lapeyrolerie, among others, in support of this finding. The Magistrate Judge quoted certain evidence relied on by the ALJ and summarized the ALJ's detailed discussion of the reasons for finding that Plaintiff could perform sedentary work with certain limitations. (*Id.* at 7-9.)

Next, the Magistrate Judge specifically considered Plaintiff's argument that the ALJ's discussion of Plaintiff's non-severe impairments failed to properly address the evidence concerning Plaintiff's continued, chronic fatigue. Ultimately, the Magistrate Judge found that the ALJ "expressly considered evidence pertaining to Plaintiff's chronic fatigue both in finding it to be a non-severe impairment at Step Two and as a symptom of Plaintiff's multiple sclerosis at Step Four." (*Id.* at 11.) The Magistrate Judge also specifically considered Plaintiff's disagreement with the ALJ's failure to include additional work-related limitations, such as a limitation to being off task 15% or more of a workday. After consideration, however, the Magistrate Judge noted that no opinion evidence indicated that Plaintiff's fatigue would cause her to be off task 15% or more of a workday, and the Magistrate Judge found no error in the ALJ's RFC assessment.

In her objections, Plaintiff reiterates her argument that the ALJ improperly dismissed Plaintiff's fatigue as non-severe without providing an explanation, and Plaintiff objects to the Magistrate Judge's findings (1) that the ALJ thoroughly reviewed the record when determining Plaintiff's RFC and (2) that the ALJ considered "Plaintiff's subjective statements, evaluated treatment records, and discussed the opinion evidence before concluding that the record did not support a finding of disabling work limitations." (ECF No. 16 at 2 (quoting ECF No. 15 at 11).) According to Plaintiff, the ALJ's summary refers to evidence pertaining to Plaintiff's chronic fatigue but fails to show *why* the ALJ found

Plaintiff's fatigue inconsistent with disabling limitations.   Plaintiff asserts that the ALJ improperly minimized Plaintiff's fatigue, and Plaintiff repeats a summary contained in her initial brief of evidence supporting Plaintiff's complaints related to her fatigue.  (*Cf*. ECF No. 8 at 16 *and* ECF No. 16 at 3.)

Next, Plaintiff asserts that the Magistrate Judge required a higher burden of proof when noting that "there is no opinion evidence opining that Plaintiff's fatigue would cause her to be off task 15 % or more of a workday."  Instead, Plaintiff asserts that she only needed to provide evidence of impairment(s) that could reasonably be expected to produce her pain or other symptoms.  (ECF No. 16 at 4.)  According to Plaintiff, the ALJ's decision fails to provide specific explanation to allow the Court to adequately review the ALJ's path of reasoning.  As a result, Plaintiff asserts that the ALJ's decision is thus not supported by substantial evidence.

After a de novo review of the record, the Court finds Plaintiff's objections unavailing. First, as the Magistrate Judge properly noted, the ALJ thoroughly considered the evidence related to Plaintiff's chronic fatigue both when finding it to be a non-severe impairment and when considering the effect of Plaintiff's fatigue on her ability to work.  Importantly, the ALJ specifically cited to the medical evidence pertaining to Plaintiff's complaints of fatigue, including reports from Dr. Jain that Plaintiff complained of fatigue from February to November of 2019; Dr. Brevetta's report of improved fatigue in 2019; Dr. Jain's indication in 2020 that Plaintiff's multiple sclerosis medications were working with only fatigue as a lingering concern; and notes indicating that claimant complained of only mild fatigue with too much activity in April and June of 2021.  (ECF No. 7-2 at 16, 18-19.)  The ALJ also expressly considered Plaintiff's testimony that she could not work for a full day without

fatigue or sleepiness. (*Id.* at 18.) After considering the medical evidence and other evidence of record, however, the ALJ determined that although Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements as to the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. The ALJ explained that Plaintiff's treatment history did not support the severity of the allegations, and the ALJ found persuasive the findings of the state agency consultants who considered Plaintiff's complaints but found that Plaintiff could perform sedentary work with certain limitations and who supported their opinions with a review of the treatment history, medical evidence, and clinical signs. After review, the Court wholly agrees with the Magistrate Judge that the ALJ conducted a thorough review of the relevant evidence and justified the RFC findings with substantial evidence to permit the Court to conduct a meaningful review.

Lastly, the Court finds no merit to Plaintiff's argument that the Magistrate Judge required a higher burden of proof when she remarked that there is no opinion evidence in the record indicating that Plaintiff would be off task 15% or more of a workday. Rather, the Court finds that the Magistrate Judge was simply noting that Plaintiff drew the 15% limitation from her own interpretation as opposed to from any evidence of record. The Court thus finds no error in this regard. Ultimately, the Court agrees with the Magistrate Judge that substantial evidence supports the ALJ's assessment of Plaintiff's RFC and the Court finds no basis to require remand in this case.

## CONCLUSION

For the foregoing reasons, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the

Court adopts Magistrate Judge's Report (ECF No. 15) and specifically incorporates it herein; the Court overrules Plaintiff's objections (ECF No. 16); and the Court affirms the Commissioner's final decision denying benefits.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 2, 2023
Charleston, South Carolina